## UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAROLD L. CAMPBELL #185198** | **CIVIL ACTION** |
| **versus** | **NO. 06-3983** |
| **BURL CAIN, WARDEN** | **SECTION: "A" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Harold L. Campbell, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On October 29, 1996, he was convicted of the aggravated rape of his minor stepson in violation of La.Rev.Stat.Ann. § 14:42(1).[2]  On November 15, 1996, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[3]  On May 20, 1998, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[4]  Petitioner then filed with the Louisiana Supreme Court a related writ application which was denied on February 12, 1999.[5]

On June 4, 1999, petitioner filed with the state district court an application for post-conviction relief.[6]  That application was denied on August 25, 2000.[7]  He then filed a related writ application with the Louisiana Fourth Circuit Court of Appeal;[8] however, on January 17, 2001, that court found that the application was untimely and refused to consider it.[9]

---

[2] State Rec., Vol. III of V, minute entry dated October 29, 1996; State Rec., Vol. III of V, jury verdict form.

[3] State Rec., Vol. I of V, transcript of November 15, 1996, p. 4; State Rec., Vol. III of V, minute entry dated November 15, 1996.

[4] State v. Campbell, 715 So.2d 488 (La. App. 4th Cir. 1998) (No. 97-KA-0358); State Rec., Vol. I of V.

[5] State v. Campbell, 738 So.2d 564 (La. 1999) (No. 98-KH-2485).

[6] State Rec., Vol. V of V, docket master.

[7] State Rec., Vol. V of V, docket master.

[8] State Rec., Vol. IV of V.

[9] State v. Campbell, No. 2000-K-2680 (La. App. 4th Cir. Jan. 17, 2001) (unpublished); State Rec., Vol. IV of V.

On January 13, 2003, petitioner filed with the state district court a motion for a new trial[10] which was denied on May 24, 2004.[11]  He then filed related writ applications which were denied by the Louisiana Fourth Circuit Court of Appeal on June 14, 2004,[12] and August 3, 2004,[13] and by the Louisiana Supreme Court on June 24, 2005.[14]

In the meantime, petitioner had returned to the state district court to file a post-conviction application on June 22, 2004.[15]  That application was denied on November 10, 2004.[16]  He next filed with the Louisiana Fourth Circuit Court of Appeal a related writ application[17] which

---

[10]  State Rec., Vol. V of V.  The Court accepts as true petitioner's representation that the motion was filed on that date.  See State Rec., Vol. V of V, writ application in case No. 2004-KH-2401.

[11]  State Rec., Vol. V of V, minute entry dated May 24, 2004.

[12]  State v. Campbell, No. 2004-K-0722 (La. App. 4th Cir. June 14, 2004) (unpublished); State Rec., Vol. V of V.

[13]  State v. Campbell, No. 2004-K-1210 (La. App. 4th Cir. Aug. 3, 2004) (unpublished); State Rec., Vol. V of V.

[14]  State ex rel. Campbell v. State, 904 So.2d 732 (La. 2005) (No. 2004-KH-2401); State Rec., Vol. V of V.  Petitioner filed a related application for reconsideration which was denied on January 27, 2006.  State ex rel. Campbell v. State, 922 So.2d 527 (La. 2006) (No. 2004-KH-2401); State Rec., Vol. V of V.

[15]  State Rec., Vol. IV of V.  The Court accepts as true defense counsel's representation that the application was filed on that date.  See State Rec., Vol. V of V, writ application in case No. 2004-KP-1049.

[16]  State Rec., Vol. IV of V, minute entry dated November 10, 2004.

[17]  State Rec., Vol. IV of V.

was denied on March 30, 2005.[18]  He then filed with the Louisiana Supreme Court a related writ application[19] which was denied on June 24, 2005.[20]

On July 4, 2006, petitioner filed the instant federal application for *habeas corpus* relief.[21]  In support of his application, petitioner raises numerous claims regarding the prosecutor, defense counsel, and the state district court judges.

The state contends that petitioner's federal application is untimely.[22]  For the following reasons, this Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications.  The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the

---

[18]  <u>State v. Campbell</u>, No. 2005-K-0040 (La. App. 4th Cir. Mar. 30, 2005) (unpublished); State Rec., Vol. IV of V.

[19]  State Rec., Vol. V of V.

[20]  <u>State v. Campbell</u>, 904 So.2d 722 (La. 2005) (No. 2005-KP-1049); State Rec., Vol. V of V.

[21]  Rec. Doc. 1.

[22]  Rec. Doc. 9.

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, it is clear that subsections (B) and (C) are inapplicable, in that the state in no way impeded petitioner's ability to file his federal application and the claims asserted herein involve no newly recognized federal constitutional right.

Petitioner does not argue that subsection (D) applies; however, because petitioner refers to "newly discovered evidence," the Court, out of an abundance of caution, expressly notes that subsection (D) is inapplicable. One of the claims petitioner asserts herein is that authorities refused to pursue a lead regarding another suspect. During the course of the investigation of this crime, petitioner denied raping his stepson and suggested that the victim may have instead been molested by a Roman Catholic priest, a proposed lead which the police allegedly ignored. In 2002, petitioner read a newspaper article stating that the priest was involved in an unrelated sex scandal. Based on this "newly discovered evidence" of the priest's illicit activities, petitioner filed his unsuccessful motion for a new trial.

As a preliminary matter, the Court notes that the newspaper article is not "evidence" that the priest had any connection whatsoever to the sexual abuse of the victim in this case or that petitioner is innocent of the crime of which he stands convicted based on the victim's own testimony. Further, in any event, subsection (D) does not restart the statute of limitations simply

because "new evidence" has been discovered.  Rather, the subsection delays the commencement of the limitations period until such time as the "factual predicate" of petitioner's claim could have been discovered.  The "factual predicate" of petitioner's claim, i.e. that authorities refused to pursue the lead he furnished regarding the priest, was known long before petitioner was even convicted. Subsection (D) does not delay commencement of the limitations period until such time as a petitioner procures evidence in support of a claim of which he already has knowledge.  See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998) (knowledge of the claim is the triggering event; the limitations period is not delayed while a petitioner gathers evidence in support of the claim); see also Poree v. Miller, Civil Action No. 05-3701, 2007 WL 1139749, at *4-5 (E.D. La. Apr. 17, 2007).[23]

Therefore, the timeliness of petitioner's federal application must be determined pursuant to subsection (A), which requires that a petitioner bring his claims within one (1) year of the date on which his conviction or sentence becomes "final."  Under that subsection, petitioner's application is clearly untimely.

As noted, on February 12, 1999, the Louisiana Supreme Court denied petitioner's writ applications challenging the state intermediate appellate court's judgment affirming his conviction and sentence.  For AEDPA purposes, his conviction therefore became "final" ninety (90) days later when his period expired for seeking a writ of certiorari from the United States Supreme

---

[23]   The Court also notes that petitioner additionally claims that the state court erroneously denied his applications for post-conviction relief.  Although that "claim" did not arise until after the federal statute of limitations expired, claims regarding alleged errors in state post-conviction proceedings are not even cognizable in federal *habeas corpus* proceedings.  Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995); see also Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999).  Therefore, inclusion of such a claim obviously cannot transform an otherwise untimely application into a timely one.  It simply has no bearing on the timeliness issue.

Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).  Accordingly, petitioner's period for seeking federal *habeas corpus* relief commenced on May 13, 1999, and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a "properly filed" application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  A "properly filed" application is one submitted according to the state's procedural requirements.  Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999).

After twenty-one (21) days of the one-year period had elapsed, petitioner tolled the limitations period by filing with the state district court an application for post-conviction relief on June 4, 1999.  That application was denied on August 25, 2000; however, tolling continued until September 25, 2000, when petitioner's period expired for filing a writ application with the Louisiana Fourth Circuit Court of Appeals.  Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001).[24]  When petitioner's limitations period resumed running at that point, he had three hundred forty-four (344) days of his one-year period remaining.  Therefore, he had only until September 4, 2001, either to again toll the limitations or, failing that, to file his federal application.

---

[24]  In Louisiana, a litigant has thirty days to file a writ application with an intermediate court of appeal.  See Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon, 259 F.3d at 404.  In this case, the thirtieth day, September 24, 2000, was a Sunday; therefore, the period was extended until Monday, September 25, 2000.  See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

The Court notes that petitioner, through counsel, filed a writ application with the Louisiana Fourth Circuit Court of Appeal on December 8, 2000, to challenge the lower court's denial of his post-conviction application.[25]  However, the appellate court found that petitioner was in violation of Uniform Rule 4-3 concerning the time limits for filing such applications and therefore held that the "writ application will not be considered."[26]  The United States Supreme Court has conclusively held that "time limits, no matter their form, are 'filing' conditions"; when the state courts have rejected a state application as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  Simply put: "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414 (internal quotation marks and brackets omitted).  Accordingly, petitioner receives no tolling credit for that appellate writ application.[27]

_____

[25]  State Rec., Vol. IV of V.

[26]  State v. Campbell, No. 2000-K-2680 (La. App. 4th Cir. Jan. 17, 2001) (unpublished); State Rec., Vol. IV of V.

[27]  In his "traverse," Rec. Doc. 11, petitioner seems to argue that the writ application was timely filed because the state district court granted defense counsel an extension of time to file the application.  The Court rejects that argument for two reasons.

First, petitioner's argument, which would require this court to reexamine the state court's application of its filing deadlines, is foreclosed by Pace.  The United States Supreme Court made clear in Pace that where, as here, the state courts have expressly rejected a state filing as untimely, that finding is determinative.

Second, petitioner is incorrect as a matter of state law.  The record reflects that petitioner's counsel did not file a motion for an extension until December 7, 2000, long *after* the period had already expired.  A state district court may not grant such an extension after the original deadline has expired.  State v. Leitch, 436 So.2d 1322 (La. App. 4th Cir. 1983).

Moreover, in any event, the Court notes that even if petitioner were granted tolling credit for the entire period the untimely writ application was pending, his federal application would *still* be untimely.  After the Louisiana Fourth Circuit Court of Appeal rejected the application on January

Because it is evident from the state court record that petitioner had no other applications pending before the state courts at any point between September 26, 2000, and September 4, 2001, it is clear that he is not entitled to further *statutory* tolling.[28]  The Court must, however, consider whether petitioner would be entitled to *equitable* tolling.

The United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Accordingly, because petitioner is not entitled to further statutory tolling or equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before September 4,

---

17, 2001, petitioner waited more than *two* years before filing his next state court application.  The passage of that period alone would render petitioner's federal application untimely.

[28]    Although petitioner later filed post-conviction motions and applications with the state courts, applications filed *after* the expiration of the statute of limitations have no bearing on the timeliness of a petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

2001, in order to be timely.  In that his federal application was not filed until July 4, 2006,[29] it is therefore untimely.

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Harold L. Campbell be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of July, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] Petitioner signed his application on July 4, 2006.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003).